IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARCUS TURNER,**                         Case No. 5:16 CV 425

    Petitioner,                           Judge Dan Aaron Polster

    v.                                  Magistrate Judge James R. Knepp, II

**MICHELLE MILLER, WARDEN,**

    Respondent.                    REPORT AND RECOMMENDATION

### INTRODUCTION

Petitioner Marcus Turner ("Petitioner"), a prisoner in state custody, filed a petition (through counsel) seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Michelle Miller ("Respondent") filed a Motion to Dismiss. (Doc. 5). Petitioner has not filed any opposition. This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated February 24, 2016). For the reasons discussed below, the undersigned recommends the motion to dismiss be granted.

### BACKGROUND

The Ninth District Court of Appeals for Summit County, Ohio, set forth the following facts on appeal:

> {¶ 1} Appellant–Defendant, Marcus Turner, appeals a judgment of the Summit County Court of Common Pleas denying his Motion to Dismiss Count Two of the Indictment in this case and the specification thereto. For the following reasons, we affirm.

I.

{¶ 2} Akron police arrested Marcus Turner on September 13, 2013, for the shooting death of 21–year—old Amandeep Singh. A grand jury subsequently indicted Mr. Turner on the following four criminal offenses: (1) aggravated murder, in violation of R.C. 2903.01(A); (2) felony murder, in violation of R.C. 2903.02(B), with felonious assault as the predicate offense; (3) felonious assault, in violation of R.C. 2903.11(A)(1),(A)(2); and (4) having weapons while under disability, in violation of R.C. 2923.13(A)(3). Counts One, Two, and Three were all accompanied by a firearm specification. Mr. Turner pleaded not guilty to all counts. The case was then tried to a jury.

{¶ 3} After lengthy deliberations, the jury informed the trial judge that it was deadlocked. The trial judge read the *Howard* charge to the jury and sent its members back into the jury room for further deliberation. The jury informed the trial judge roughly 90 minutes later that it was still deadlocked as to Count Two (felony murder) and Count Three (felonious assault) of the Indictment and that there was no possibility of its members reaching an agreement within a reasonable time as to either count. The jury then returned its verdict as to Count One (aggravated murder) and Count Four (having weapons while under disability) of the Indictment. The jury found Mr. Turner not guilty of aggravated murder, but guilty of having weapons while under disability. The trial judge accepted the jury's verdict.

{¶ 4} The State elected to retry Mr. Turner on Count Two (felony murder) and Count Three (felonious assault) of the Indictment. Prior to the retrial, Mr. Turner's defense counsel filed a motion to dismiss the felony murder count and the accompanying firearm specification arguing that a retrial on that count would be in violation of the Double Jeopardy Clause to the United States Constitution. Both parties submitted briefs on the issue and the trial judge held a hearing on the matter on September 23, 2014. At the hearing, the trial judge heard argument from both parties. The trial judge ultimately denied Mr. Turner's motion.

*State v. Turner,* 2015 WL 1227869, at *1 (Ohio Ct. App. March 18, 2015).

The appellate court explained Petitioner's challenge in his interlocutory appeal:

{¶ 6} In his sole assignment of error, Mr. Turner argues that the trial court erred in denying his Motion to Dismiss because the doctrine of collateral estoppel bars the State from retrying him for felony murder and the accompanying gun specification. Specifically, Mr. Turner contends that because the jury in his first trial acquitted him of aggravated murder and the accompanying firearm specification, he cannot now be retried for felony murder and the accompanying firearm specification thereto because the jury in the first case decided a critical issue of ultimate fact in his favor; that he did not cause the death of Mr. Singh. We disagree.

2

*Id*. The appellate court then addressed the merits of Petitioner's challenge and held that a retrial would not violate his double jeopardy rights because the jury's verdict of not guilty on the aggravated murder charge did not necessarily decide an issue of ultimate fact necessary to the felony murder charge the state sought to retry. *Id.* at *2-4.

## JURISDICTION

Respondent first argues the District Court lacks jurisdiction because Petitioner is incarcerated in the Belmont Correctional Institution in Belmont County, Ohio, which is part of the territory of the Southern District of Ohio[1]. (Doc. 5, at 8-9). For the proposition that the district of confinement is the only appropriate venue, Respondent cites *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004). This rule, however, applies to petitions filed under 28 U.S.C. § 2241, not § 2254. As the court also explained in *Rumsfeld*:

> Congress has also legislated against the background of the "district of confinement" rule by fashioning explicit exceptions to the rule in certain circumstances. For instance, § 2241(d) provides that when a petitioner is serving a state criminal sentence in a State that contains more than one federal district, he may file a habeas petition not only "in the district court for the district wherein [he] is in custody," but also "in the district court for the district within which the State court was held which convicted and sentenced him"; and "each of such district courts shall have concurrent jurisdiction to entertain the application."

542 U.S. at 443. Here, Petitioner was convicted by a jury in the Summit County Court of Common Pleas, *Turner*, 2015 WL 122789, at *1, and filed his Petition under § 2254, *see* Doc. 1, at 1 & 7. Summit County is within the territorial jurisdiction of the Northern District of Ohio[2], and therefore territorial jurisdiction is proper.[3]

---

1. *See About the Court*, United States District Court, Southern District of Ohio, http://www.ohsd.uscourts.gov/about-court
2. *See Counties Served by Division*, United States District Court, Northern District of Ohio, http://www.ohnd.uscourts.gov/home/information-about-the-court/locations/counties-served-by-division/

3

**CUSTODY REQUIREMENT**

Respondent's second argument also relates subject matter jurisdiction. Respondent argues that, at the time of Petitioner's habeas filing, Petitioner was not challenging his then-present custodial confinement. Petitioner's habeas corpus action is based on 28 U.S.C. § 2254(a)[4], which provides remedies in federal courts for unlawful state custody. Section 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

28 U.S.C. § 2254(a) (emphasis added). The custody requirement is jurisdictional. *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001).

The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed.")

Petitioner was clearly in custody at the time he filed his petition. He was, according to his Petition, serving a three-year sentence at the Belmont Correctional Institution. (Doc. 1, at 7); *see also* Case No. CR 2013-09-2664, Summit County Court of Common Pleas, Judgment of

---

3. Had Petitioner filed under 28 U.S.C. § 2241, Respondent would be correct about the territorial jurisdictional question. This confusion may arise from the fact that pretrial detainee habeas petitions raising double jeopardy violations are properly brought under § 2241. *See Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809-10 (6th Cir. 2012).

4. *See* Doc. 1, at 1 & 7 (citing 28 U.S.C. § 2254 as the basis for the Petition).

Conviction, April 4, 2014 Docket Entry).[5] But that does not provide the complete answer to the question. Under § 2254, the person seeking relief must satisfy the "in custody" requirement with respect to the judgment or process of the state court he seeks to have declared constitutionally infirm.

Here, Petitioner's single ground challenges a future (at the time of filing) alleged double jeopardy violation related to a retrial on the charge of felony murder. However, at the time of filing, Petitioner was only incarcerated on a conviction for having a weapon under a disability. *See* Doc. 1, at 7 (stating Petitioner was only found guilty of having a weapon under a disability and that he is currently serving a term of three years). The Petition does not challenge his incarceration for this conviction. *See* Doc. 1, at 11 (listing his sole ground as: "The trial court errs in attempting to try the Petitioner on Felony Murder charges because he was acquitted on Aggravated Murder and to try him again is a violation of his right to be free from Double Jeopard[y].") & 21 (requesting relief in the form of: "Reverse the trial court's denial the Motion to Dismiss with a finding that to ty the Petitioner on Murder an[d] Felonious Assault charges would be a violation of his right to remain free from Double Jeopardy per the United States and Ohio Constitutions."). Petitioner was therefore not "'in custody' under the conviction or sentence under attack at the time his petition [was] filed." *Maleng*, 490 U.S. at 490-91. The fact that Petitioner has since been retried and convicted of the felony murder charge, *see* Doc. 6-1 (Judgment of Conviction), does not change the analysis because the statute requires a court to look at the time the petition was filed, *Maleng*, 490 U.S. at 490-91. Because Petitioner was not "in custody" with respect to the judgment or process of the state court he seeks to have declared

---

5. This Court may take judicial notice of the proceedings in county court. *See Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999) (holding that federal courts may take judicial notice of proceedings in other courts of record).

constitutionally infirm at the time of filing as defined by 28 U.S.C § 2254, the undersigned recommends Respondent's motion to dismiss be granted.[6]

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends Respondent's Motion to Dismiss be granted.

      s/James R. Knepp II
      United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

6. The undersigned need not reach Respondent's ripeness argument, but notes that the Sixth Circuit has held pretrial detainees may raise a double jeopardy challenge in a habeas petition (under § 2241—not § 2254) before the second trial occurs because "the Double Jeopardy Clause prevents being twice placed in jeopardy for the same offense—that is simply *being tried* twice for the same offense." *Phillips*, 668 F.3d at 810-11.