**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCUS A. TURNER,** | ) | **CASE NO. 5:16 CV 425** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **MICHELLE MILLER,** | ) | |
| | ) | |
| Respondent. | ) | |

On February 23, 2016, Petitioner Marcus A. Turner, represented by Attorney Daniel Hicks, filed a Petition Under 28 U.S.C. § 2254. (**Doc #: 1** ("Petition").) Petitioner asks the Court to reverse his conviction for felony murder and the accompanying firearm specification on the ground that the conviction violates Double Jeopardy. Specifically, the Petitioner alleges that:

> [He] was charged and tried on charges of Aggravated Murder, Felony Murder, Felonious Assault and Having Weapon While Under Disability. He was only found guilty of Having Weapon While Under Disability. He was found Not Guilty of Aggravated Murder and the jury was hung on the charges of Felony Murder and Felonious Assault. The Trial court is now trying to bring him to trial on the Felony Murder and Felonious charges, even though he was found Not Guilty of several of the elements found within Felony Murder. The Petitioner's right to be free from Double Jeopardy is being violated by the trial court in its attempt to retry him for elements that he has been found Not Guilty of.

(Petition at 11.)

On March 21, 2016, Respondent Michelle Miller filed a Motion to Dismiss arguing that the district court lacks jurisdiction over the Petition because (1) Petitioner should have filed it in

federal court in the Southern District of Ohio where his prison is located, and (2) at the time of filing, Petitioner was not challenging his then-present custodial confinement for having a weapon while under a disability. (**Doc #: 5** ("Motion").) This Motion was filed on March 21, 2016. Petitioner never filed a response brief.

The case is presently before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II. (**Doc #: 7** ("R & R").) The Magistrate Judge recommends that the Court grant Respondent's Motion to Dismiss on the basis that Petitioner was not "in custody" under the conviction under attack at the time he filed the Petition. Although Petitioner was subsequently tried and convicted of felony murder with the firearm specification, the jurisdictional analysis does not change because the statute requires a court to look at the time the Petition was filed. In support, Respondent cites *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Court agrees.

Under the relevant statute,

> Within *fourteen* days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (emphasis added).

The Magistrate Judge expressly notified the Petitioner, via counsel, that he must file any objections to the R & R with fourteen days of service of that notice. (R & R at 6.) It is now four weeks after the R & R was issued and Petitioner has neither filed objections nor requested an extension of time to file them.

//

Accordingly, the Court **ADOPTS** the R & R (**Doc #: 7**), **GRANTS** Respondent's Motion to Dismiss (**Doc #: 5**), and **DISMISSES** the Petition (**Doc #: 1**) for lack of jurisdiction.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　*/s/ Dan A. Polster     November 2, 2016*
　　　　　　　　　　　　　　　　　　　　　　**Dan Aaron Polster**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**